**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAVON MORALES-SAWYER,<br>    Plaintiff<br><br>    v.<br><br>TAK GROUP INVESTMENTS LLC<br>d/b/a ST. PATRICK'S RESTAURANT,<br>    Defendant | No. 25 CV 13104<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant's motion to dismiss [32], [33], is granted in part and denied in part. The Court grants the motion as to Count VI but denies it as to Counts I–V. The defendant shall respond to the operative complaint on or before June 1, 2026. The May 14, 2026, status hearing is stricken.

## STATEMENT

Before the Court is Defendant TAK Group Investments LLC d/b/a St. Patrick's Restaurant's motion to dismiss Plaintiff Javon Morales-Sawyer's first amended complaint ("FAC"). (R. 32; R. 33.) The facts described herein are drawn from the FAC, (R. 31), and are presumed true for the purpose of resolving the defendant's motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff is a former employee of the defendant, where he worked as a server. (R. 31 ¶¶ 10–11, 53–55.)[1] He was paid just over $9 an hour, plus tips. (*Id.* ¶ 13.) The defendant pooled tips, meaning servers paid a percentage of food and alcohol sales to bussers, food runners, and bartenders. (*Id.* ¶ 15.) The plaintiff alleges the defendant did not disclose this tip pooling policy to him when he was hired. (*Id.* ¶ 16.) He claims that bussers had nominal interactions with customers, worked primarily in the kitchen, and did not generally receive tips, making their inclusion in the tip pool improper. (*Id.* ¶¶ 20–30.) Further, the plaintiff says he cleared his own tables "seventy to eighty percent of the time" because the bussers handled mainly back-of-house tasks. (*Id.* ¶¶ 24, 27.) The plaintiff raised complaints about the tip pooling policy to the owner and manager, and he was then removed from the work schedule. (*Id.* ¶¶ 32–35.) He subsequently sent an email memorializing that conversation and

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

asserting that his removal from the schedule violated federal law. (*Id.* ¶ 39.) He alleges that a bar manager told him he was removed from the schedule due to his complaints. (*Id.* ¶¶ 36–38, 43.) He was fired shortly thereafter. (*Id.* ¶ 42.)

The plaintiff alleges that the defendant's tip pooling policy allowed the defendant to improperly avail itself of a "tip credit," reducing the wages it had to pay its employees. (*Id.* ¶ 58.) He also claims that his forced participation in the tip pool caused his wage to dip below the minimum wage he was owed, and that he was fired in retaliation for raising complaints about the tip pooling policy. (*Id.* ¶¶ 46, 59, 62.) He brings six claims: three under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and three under the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq*. The defendant moves to dismiss the FAC for failure to state a claim. (R. 32; R. 33.)

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. The motion tests the sufficiency of the plaintiff's claims, not the merits of his case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). The Court accepts as true well-pleaded facts and "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020) (citation omitted).

Counts I and IV (Tip Pooling Claims). The FLSA and IMWL allow some employers to pay certain employees less than the minimum wage if those employees earn the difference back in tips. 29 U.S.C. § 203(m); 820 ILCS 105/4(c). An employer may also institute a tip pool, in which employees combine tips and then split the pot. *Id.* However, a valid tip pool "must only include employees who 'customarily and regularly receive tips.'" *See Starr v. Chi. Cut Steakhouse, LLC*, 75 F. Supp. 3d 859, 865 (N.D. Ill. 2014) (citations omitted). The defendant argues that the complaint fails to plead facts alleging that any employee in the tip pool did not customarily and regularly receive tips. (R. 33 at 5–12, 14–16.) The Court disagrees. The FAC plausibly alleges that bussers worked primarily in the kitchen and did not regularly interface with customers. (*See, e.g.*, R. 31 ¶¶ 20–23, 27–29.) While bussers were nominally assigned customer-facing duties, the plaintiff alleges that they failed to execute those duties, forcing the plaintiff to do nearly all customer-facing tasks such as clearing and resetting tables, while bussers worked on back of house duties away from customers. (*Id.* ¶¶ 23–25.) Accepting these allegations as true, it is reasonable to infer that the bussers did not qualify for inclusion in the tip pool. The defendant's challenges to the accuracy of the plaintiff's allegations do not support dismissal, because at issue is the allegations' sufficiency, not veracity. *Gociman*, 41 F.4th at 885. At its core, whether bussers at the defendant's restaurant customarily and regularly received tips is a question of fact and therefore not properly resolved at this stage. Accordingly, the Court denies the defendant's motion as to Counts I and IV.

<u>Counts II and VI (Retaliation Claims)</u>. To state an FLSA retaliation claim, a plaintiff must plausibly allege that "he engaged in activity protected under the Act, his employer took an adverse employment action against him, and a causal link exists between the two." *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 894 (7th Cir. 2018) (citation omitted); *see also* 29 U.S.C. § 215(a)(3). The plaintiff alleges he complained both verbally and in writing about the tip pooling policy to the defendant's owner and manager, (R. 31 ¶¶ 32, 39), which is a protected activity. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 11–14 (2011). He further alleges that he was fired, (R. 31 ¶ 42), which is an adverse employment action. *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 889 (7th Cir. 2016). Last, he has plausibly alleged causation by pleading that another employee told him that he was fired because he raised complaints about the tip pooling policy. (R. 31 ¶¶ 36–38, 43.) The defendant's arguments for dismissal fall flat because they, again, challenge the veracity, not sufficiency, of the plaintiff's allegations. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Accordingly, the Court denies the defendant's motion as to Count II.

However, "the IMWL does not contain an express private right of action for retaliatory discharge." *Hughes v. Scarlett's G.P., Inc.*, No. 15 C 5546, 2016 WL 454348, at *8 (N.D. Ill. Feb. 5, 2016). And the plaintiff has not overcome the "strong presumption" against creation of an implied a right of action. *W. Allis Mem'l Hosp., Inc. v. Bowen*, 852 F.2d 251, 254 (7th Cir. 1988). This is particularly true here, where the statute provides a separate enforcement mechanism. 820 ILCS 105/11(c)-(d) (retaliatory discharge is a "Class B misdemeanor" and it is the "duty of the Department of Labor" to "institute the action for penalties herein provided"). Because no private right of action exists, amendment would be futile, so the Court dismisses Count VI with prejudice. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

<u>Counts III and V (Wage Claims)</u>. To state a minimum wage claim, a plaintiff must "provide sufficient factual context to raise a plausible inference [that] there was at least one workweek in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018) (FLSA); *Zavala-Alvarez v. Darbar Mgmt., Inc.*, 617 F. Supp. 3d 870, 883 (N.D. Ill. 2022) (same analysis applies to wage claims under the IMWL). The plaintiff alleges that while he earned "approximately $9.00 and change per hour plus tips," his "participation in the tip pool led [him] to be paid below minimum wage." (R. 31 ¶¶ 13, 59–62.) Reading these allegations and drawing reasonable inferences in the plaintiff's favor, the plaintiff plausibly alleges that he was underpaid for at least one work week.[2] The defendant argues that the plaintiff

---

[2] The Court observes that the Illinois minimum wage is higher than the federal minimum wage, and the plaintiff's alleged $9 hourly wage falls between the two. *Compare* 820 ILCS 105/4(a) *with* 29 U.S.C. § 206. Other courts in this district have allowed a plaintiff to proceed with parallel minimum wage claims under federal, state, and local law based on "the highest applicable minimum wage." *See Gomez v. El Milagro, Inc.*, No. 23 C 1606, 2025 WL 582211, at *6 (N.D. Ill. Feb. 24, 2025) (collecting cases). The Court, too, will follow this path, largely because the defendant has not argued that the plaintiff's FLSA wage claim should be

should possess information showing whether his wages actually fell short of the minimum wage. (R. 33 at 14.) But this argument does not address the sufficiency of the plaintiff's allegations, so it fails. Accordingly, the Court denies the defendant's motion as to Counts III and V.

Date: May 11, 2026

JEREMY C. DANIEL
United States District Judge

---

dismissed due to his hourly wage exceeding the federal minimum wage, which means the Court does not have the benefit of complete briefing on the issue.